## Case No. 15,074.

### UNITED STATES v. FARRELL.

[5 Cranch, C. C. 311.] [1]

Circuit Court, District of Columbia. May 13, 1837.

WITNESS—SLAVES—DISTRICT OF COLUMBIA—CUMULATIVE SENTENCE.

1. Slaves are competent witnesses in criminal prosecutions, in Alexandria county, against negroes or mulattoes.

---

[3] [From 24 Int. Rev. Rec. 231.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. The act of Virginia passed on the 21st of January, 1801, is in force in that county, although it was to commence in force from the 1st of June, 1801, and although the jurisdiction of Virginia ceased on the 27th of February, 1801.

3. If a man be convicted of a second offence, while in the penitentiary under sentence for the first, the sentence for the second may be made to commence from the expiration or other termination of the period for which he was first sentenced.

Indictment [against Joseph Farrell] for forging a certificate of freedom for Mr. T. F. Mason's slave Sandy. The slave Sandy was offered as a witness for the United States.

W. L. Brent, for defendant, objected that the Virginia act of the 21st of January, 1801, by the 4th section of which it is enacted, that "any negro or mulatto, bond or free, shall be a good witness in pleas of the commonwealth, for or against negroes or mulattoes, bond or free; or in civil pleas where free negroes or mulattoes shall alone be parties," never was in force in the county of Alexandria, because it was not in force on the 27th of February, 1801 [2 Stat. 103], when congress adopted the laws of Virginia, as they then existed, and declared that they should "remain" in force in the county of Alexandria.

Mr. Key, Dist. Atty., contra, contended that congress intended that the district should have the benefit of all the state legislation up to the 27th of February, 1801. But it is not material whether the act of Virginia of the 21st of January, 1801, is or is not in force here, as the 5th section of the Virginia act of the 17th of December, 1792, admits negroes and mulattoes as witnesses in pleas of the commonwealth against negroes or mulattoes, and in civil pleas where negroes or mulattoes alone are parties; at least, such has been the construction which this court has always given to it. The words of that section are, "No negro or mulatto shall be a witness, except in pleas of the commonwealth against negroes or mulattoes, or in civil pleas, where negroes or mulattoes alone shall be parties." These words have always been construed to include slaves.

THE COURT (THRUSTON, Circuit Judge, absent), being of that opinion, permitted the slave Sandy to be sworn and examined as a witness.

Verdict, guilty. Sentenced to the penitentiary for four years, on the 13th of May, 1837.

NOTE. The prisoner was again convicted of a like offence, by forging a pass for negro Sam, another slave of Mr. Mason, at October term, 1837, and the entry of the sentence was: "And it appearing to the court that the traverser is in the custody of the keeper of the penitentiary of the District of Columbia, under the sentence of this court passed at the last term for a like offence, the sentence of the court, for the offence of which he is now convicted, is, that he suffer imprisonment and labor in the penitentiary of the District of Columbia, for the period of three years next after the expiration or other termination of the period for which he already stands committed to the said penitentiary."